ORIGINAL

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**FILED**

FEB 27 2006

CLERK, U.S. DISTRICT COURT

By _____ Deputy

| | |
|---|---|
| CARMELITA CLINTON, CYNTHIA M. HUNT, MARY BENNETT, VANESSA B. CLARK, WYVONIE R. CATHEY, JANEICE CORBIN, SONJA S. NEVINS, DAMIAN J. OTIS, HARLIS TAYLOR, RICHARD WATSON, FRANK SMITH, ROY L. MADDOX, AND RICHARD E. RITTER<br><br>    Plaintiffs<br><br>V.<br><br>ELI LILLY AND COMPANY, Lilly Corporate Center Indianapolis, IN 46285<br>        Defendant | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ Civil Action No. **3-06CV-0367 N**<br>§<br>§**COMPLAINT AND**<br>§**DEMAND FOR JURY TRIAL**<br>§<br>§ |

Plaintiffs, CARMELITA CLINTON, CYNTHIA M. HUNT, MARY BENNETT, VANESSA B. CLARK, WYVONIE R. CATHEY, JANEICE CORBIN, SONJA S. NEVINS, DAMIAN J. OTIS, HARLIS TAYLOR, RICHARD WATSON, FRANK SMITH, ROY L. MADDOX, AND RICHARD E. RITTER, by and through their attorneys, Ferrer, Poirot & Wansbrough, upon information and belief, at all times hereinafter mentioned, allege as follows:

### JURISDICTION AND VENUE

1.    This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because complete diversity exists because Plaintiffs are citizens of various states which are different from the State where the defendant is incorporated and has its principal places of business, and the amount in controversy, exclusive of interest and costs, exceeds seventy-five thousand dollars ($75,000.00). Also note that these claims are subject to

MDL. Zyprexa Liability Litigation (MDL 1596) assigned to the Honorable Jack B. Weinstein, United States District Court for the Eastern District of New York.

2. Venue is proper within this District pursuant to 28 U.S.C. § 1391 because the defendant, at all times relevant times, conducted substantial business in this District.

3. The damages recoverable in this action exceed the sum of one hundred fifty thousand dollars ($150,000.00); thus, this case is not appropriate for compulsory arbitration under Local Civil Rule 53.2.

## PARTIES

4. Plaintiffs are residents of various states of this Unites States.

5. Eli Lilly and Company (hereinafter referred to as "Defendant") is a corporation incorporated under the laws of the State of Indiana with its principal place of business in Indiana.

6. Defendant is, and was at all relevant times, duly authorized to conduct business in the State of Texas.

7. Defendant has transacted business in the State of Texas.

8. Defendant regularly conducts and solicits business within the State of Texas.

9. At all relevant times, Defendant, through its agents, servants, and employees, was the designer, manufacturer, marketer, advertiser, distributor, and seller of Zyprexa and Zyprexa Zydis, also known as olanzapine (hereinafter individually and collectively referred to as "Zyprexa").

10. Defendant, either directly or through its agents, servants, and employees, does business in the State of Texas, and at all relevant times, has sold and distributed Zyprexa in the State of Texas for use in the treatment of schizophrenia, bipolar disorder, and other "off-label" uses.

11. Defendant derives substantial revenue from goods used or consumed in the State of Texas.

12. Defendant expected, or should have expected, that its actions could or would have consequences within the State of Texas.

## NATURE OF THE CASE

13. Defendant, either directly or through its agents, servants, and employees, designed, manufactured, marketed, advertised, distributed, and sold Zyprexa for the treatment of schizophrenia, bipolar disorder, and other "off-label" uses.

14. As a result of the defective nature of Zyprexa, those persons who were prescribed and ingested or injected Zyprexa, including Plaintiffs, have suffered and may continue to suffer severe and permanent personal injuries, including an increased risk of developing diabetes, pancreatitis, hyperglycemia, diabetic ketoacidosis, and diabetic coma, as well as other severe and permanent injuries.

15. Defendant concealed its knowledge of Zyprexa's unreasonably dangerous risks from Plaintiffs, other consumers, and the medical and psychiatric communities.

16. Defendant failed to conduct adequate post-marketing surveillance of Zyprexa after it began marketing, advertising, distributing, and selling the product.

3

17. Consequently, Plaintiffs seek compensatory damages as a result of their injuries resulting from their ingestion of Zyprexa, which has caused and will continue to cause Plaintiffs to suffer pain, mental anguish, and other injuries, and to incur significant expenses.

## FACTUAL BACKGROUND

18. At all relevant times, Defendant has been responsible for, or involved in, designing, manufacturing, marketing, advertising, distributing, and selling Zyprexa.

### Zyprexa's FDA History

19. In 1996, the United States Food & Drug Administration ("FDA") approved Zyprexa for use for the treatment of schizophrenia.

20. In 2000, the FDA approved Zyprexa for use for the short-term treatment of acute mixed or manic episodes associated with bipolar disorder.

21. In 2004, the FDA approved Zyprexa for maintenance in the treatment of bipolar disorder, also known as manic-depressive illness.

### Defendant Has Realized Significant Profits from Sales of Zyprexa

22. Zyprexa is one of Defendant's top-selling drugs.

23. Since Defendant introduced Zyprexa in 1996, it has been prescribed to more than 12 million people worldwide.

24. In 2003, approximately seven million prescriptions for Zyprexa were dispensed resulting in more than $2 billion in sales. In 2003, Zyprexa was the seventh largest selling drug in the country by retail sales.

4

25.    Zyprexa is an atypical antipsychotic medication. Zyprexa, like other antipsychotic medications, may improve symptoms associated with schizophrenia and bipolar disorder such as agitation, delusions, hallucinations, and suspiciousness.

26.    Consumers, including Plaintiffs, who have used, and in some instances continue to use Zyprexa, have available several alternative atypical antipsychotic medications including Abilify, Risperdal, Clozaril, Seroquel, and Geodon, as well as other antipsychotic medications, including Haldol, Thorazine, Prolixin, Navane, Stelazine, Trilafon, and Mellaril.

27.    In December 2000, the *British Medical Journal* found no clear evidence that Zyprexa or other atypical antipsychotics were more effective or better tolerated than conventional antipsychotics including Haldol and Thorazine.

28.    In November 2003, the *Journal of the American Medical Association* compared Zyprexa with Haldol and found "no statistically or significant advantages" of Zyprexa for treatment of schizophrenia. The authors did note a significant difference among the costs of Haldol and Zyprexa per tablet: $0.02 versus $4.84 respectively.

**Zyprexa's Association With Diabetes and Other Serious Injuries**

29.    Shortly after Defendant began selling Zyprexa, reports of consumers who were using Zyprexa suffering from hyperglycemia, acute weight gain, exacerbation of diabetes mellitus, pancreatitis, and other severe diseases and conditions associated began to surface. Defendant knew, or was reckless in not knowing, of these reports. Furthermore, Defendant has been aware of studies and journal articles linking use of Zyprexa with these and other severe and permanent diseases since 1998.

30. Diabetes is associated with long-term complications that affect nearly every part of the body. Diabetes often leads to blindness, heart and blood vessel disease, strokes, kidney failure, amputations, and nerve damage.

31. Between April 1996 and May 2001, the FDA received several reports of hyperglycemia, worsening of existing diabetes, pancreatitis, and other severe injuries among children who were prescribed Zyprexa.

32. Beginning in 1998, scientific journals began to publish studies that established a causal association between using Zyprexa and developing or exacerbating diabetes mellitus (hereinafter "diabetes") and development of dangerously high blood sugar levels, *i.e.*, hyperglycemia.

33. In November 2001, the *Journal of the American Medical Association* reported a link between the use of Zyprexa by adolescents and development of hyperglycemia.

34. Recently, studies conducted in Europe and Japan revealed that numerous patients treated with Zyprexa experienced a significantly higher incidence of severe and permanent diseases and conditions, including dangerous rises in blood glucose levels.

35. In July 2002, a study conducted at Duke University further established a relationship between Zyprexa and diabetes. This study documented nearly 300 cases of diabetes among people using Zyprexa.

36. In April 2002, the British Medicines Control Agency warned about the risk of diabetes for patients prescribed Zyprexa in its newsletter *Current Problems in Pharmaco-vigilance*. This newsletter reported forty (40) reports of diabetes,

hyperglycemia, diabetic ketoacidosis, diabetic coma, and one death among users of Zyprexa. Subsequently, the British government required Defendant to warn consumers about the risk of diabetes and diabetic ketoacidosis, and to further required Defendant to instruct patients who were using Zyprexa to monitor their blood sugar levels.

37. In April 2002, the Japanese Health & Welfare Ministry issued emergency safety information regarding the risk of diabetes, diabetic ketoacidosis, and diabetic coma for patients prescribed Zyprexa.

**Defendant's Failure to Warn Consumers of the Dangers of Zyprexa**

38. Defendant has not warned consumers in this country, including Plaintiffs, about the risk of diabetes, hyperglycemia, diabetic ketoacidosis, or other serious injuries caused by Zyprexa.

39. Defendant misrepresented and failed to appropriately warn consumers, including Plaintiffs, and the medical and psychiatric communities of the dangerous risk of developing diabetes, pancreatitis, hyperglycemia, diabetic ketoacidosis, and diabetic coma, as well as other severe and permanent health consequences caused by Zyprexa, and consequently placed its profits above the safety of its customers.

40. By reason of the foregoing, Plaintiffs have developed diabetes, and/or pancreatitis and are at an increased risk of developing pancreatitis, hyperglycemia, diabetic ketoacidosis, and diabetic coma, as well as other severe and permanent injuries.

41. Plaintiffs has endured and continues to suffer from mental anguish from the knowledge that he may develop pancreatitis, diabetic ketoacidosis, and diabetic coma, as well as other severe and permanent injuries as a result of Defendant's wrongful acts and omissions.

42. By reason of the foregoing, Plaintiffs has been severely and permanently injured and will require constant and continuous medical care and treatment.

## PLAINTIFFS' USE OF ZYPREXA

43. Plaintiffs were prescribed and began taking Zyprexa in or around (YEAR -1999).

44. Plaintiffs used Zyprexa as prescribed and in a foreseeable manner.

45. As a direct and proximate result of using Zyprexa, Plaintiffs have developed diabetes and/or pancreatitis – a permanent, life threatening condition.

46. Plaintiffs, as a direct and proximate result of ingesting Zyprexa, have suffered severe pain and suffering, and have sustained permanent injuries and emotional distress.

47. Plaintiffs used Zyprexa that had reached her without substantial change in its condition since it was manufactured or sold.

48. Plaintiffs would not have used Zyprexa if Defendant had properly disclosed the risks associated with the product.

## FRAUDULENT CONCEALMENT

49. The running of any statute of limitations has been tolled by reason of Defendant's fraudulent concealment. Defendant, through its affirmative misrepresentations and omissions, actively concealed from Plaintiffs and her prescribing physician the true risks associated with taking Zyprexa.

50. As a result of Defendant's actions, Plaintiffs and her prescribing physician were unaware, and could not reasonably know or have learned through

reasonable diligence that he had been exposed to the risks alleged herein and that those risks were the direct and proximate result of Defendant's acts and omissions.

<u>COUNT I</u><br>(Negligence)

51. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

52. Defendant had a duty to exercise reasonable care when designing, manufacturing, marketing, advertising, distributing, and selling Zyprexa.

53. Defendant failed to exercise due care under the circumstances, and therefore breached its duty when it failed to warn consumers, including Plaintiffs, of the dangerous risks of Zyprexa, including but not limited to diabetes, pancreatitis, hyperglycemia, diabetic ketoacidosis, and diabetic coma.

54. Defendant's negligent acts and omissions, either directly or through its agents, servants, and employees, include, but are not limited to the following:

a) designing, manufacturing, marketing, advertising, distributing, and selling Zyprexa to consumers, including Plaintiffs, without an adequate warning of the dangerous risks of Zyprexa and without proper instructions to avoid harm caused by Zyprexa;

b) failing to exercise due care when advertising and promoting Zyprexa; and

c) failing to exercise ordinary care by conducting appropriate post-market testing and surveillance of Zyprexa.

55. Although Defendant knew, or should have known, of Zyprexa's adverse effects Defendant has continued to negligently market, advertise, distribute, and sell Zyprexa to consumers, including Plaintiffs.

9

56. Defendant knew, or should have known, that consumers, including Plaintiffs would suffer injuries as a result of Defendant's failure to exercise ordinary care.

57. As a direct and proximate result of Defendant's negligence, the Plaintiffs now suffer from diabetes, a disease that is widely recognized as one of the leading causes of death and disability in the United States. In addition to developing diabetes, and/or pancreatitis, Plaintiffs suffer from mental anguish, including, but not limited to, diminished enjoyment of life, and fear of developing pancreatitis, diabetic ketoacidosis, and diabetic coma, which are other severe and permanent injuries associated with ingestion or injection of Zyprexa.

58. As a result of the foregoing acts and omissions, Plaintiffs require and will require health care and services, and has incurred and will continue to incur medical, psychiatric, and related expenses. Plaintiffs have suffered and will continue to suffer indirect costs, including diminished quality of life and a significant risk of premature death; and direct medical costs for diabetes care, including hospitalizations, medical care, and treatment supplies.

59. By reason of the foregoing, Plaintiffs, demand judgment for damages against the Defendant including compensatory damages, costs of this action, and further, demands trial by jury of all issues so triable, and for such other and further relief as this Court deems just and proper.

<u>**COUNT II**</u>
**(Strict Liability – Design Defect)**

60. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

61.     Defendant manufactures, sells, distributes, markets, and/or supplies of Zyprexa, which is defective and unreasonably dangerous to consumers.

62.     Defendant designed, manufactured, sold, distributed, supplied, marketed, and/or promoted Zyprexa, which was expected to reach and did reach consumers, including Plaintiffs, without substantial change in the condition in which it was manufactured and sold by Defendant.

63.     Plaintiffs used Zyprexa as prescribed and in a manner normally intended, recommended, promoted, and marketed by Defendant.

64.     Zyprexa failed to perform safely when used by ordinary consumers, including Plaintiffs, even when used in its intended or a reasonably foreseeable manner.

65.     Zyprexa was defective in its design and was unreasonably dangerous in that its foreseeable risks exceeded the benefits associated with its design or formulation.

66.     Alternatively, Zyprexa was defective in design or formulation in that its use posed a greater likelihood of injury than other available antipsychotic medications and was more dangerous than an ordinary consumer could reasonably foresee.

67.     Although Defendant knew, or should have known, of the defective nature of Zyprexa, it continued to design, manufacture, market, and sell Zyprexa so as to maximize sales and profits at the expense of the public health and safety, in knowing, conscious and deliberate disregard of the foreseeable harm caused by Zyprexa.

68.    Plaintiffs could not, through the exercise of reasonable care, have discovered Zyprexa's defects or perceived the danger of Zyprexa.

69.    As a direct and proximate result of the design defects of Zyprexa, Plaintiffs has developed diabetes and has suffered severe and permanent injuries, pain, and mental anguish, including diminished enjoyment of life, and fear of developing other harmful conditions including, but not limited to, pancreatitis, diabetic ketoacidosis, and diabetic coma.

70.    In addition, Defendant's aforementioned conduct was committed with knowing, conscious, wanton, willful, and deliberate disregard for the value of human life, and the rights and safety of consumers such as Plaintiffs, thereby entitling Plaintiffs to punitive damages so as to punish Defendant and deter it from similar conduct in the future.

71.    By reason of the foregoing, Plaintiffs, demand judgment for damages against the Defendant including compensatory damages, punitive damages, costs of this action, and further, demands trial by jury of all issues so triable, and for such other and further relief as this Court deems just and proper.

## COUNT III
### (Strict Liability – Failure to Warn)

72.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

73.    Zyprexa was under the exclusive control of Defendant and was unaccompanied by appropriate warnings regarding the risk of diabetes, hyperglycemia, pancreatitis, diabetic ketoacidosis, diabetic coma, and other severe and permanent

12

injuries associated with its use. The warnings given did not accurately reflect the risk, incidence, symptoms, scope or severity of such injuries to the consumer. The promotional activities of Defendant further diluted or minimized the warnings given with the product.

74.    Defendant downplayed the serious and dangerous side effects of Zyprexa to encourage sales of the product; consequently, Defendant placed its profits above its customers' safety.

75.    Zyprexa was defective and unreasonably dangerous when it left the possession of the Defendant in that it contained warnings insufficient to alert Plaintiffs to the dangerous risks and reactions associated with it, including, but not limited to diabetes. Even though Defendant knew or should have known of the risks and reactions associated with Zyprexa, it still failed to provide warnings that accurately reflected the signs, symptoms, incident, scope, or severity of the risks associated the product.

76.    Plaintiffs used Zyprexa as intended or in a reasonably foreseeable manner.

77.    Plaintiffs could not have discovered any defect in Zyprexa through the exercise of reasonable care.

78.    Defendant, as manufacturers of pharmaceutical drugs, is held to the level of knowledge of an expert in the field and, further, Defendant had knowledge of the dangerous risks and side effects of Zyprexa.

79.    Plaintiffs did not have the same knowledge as Defendant and no adequate warning were communicated to them.

80.     Defendant had a continuing duty to warn consumers of Zyprexa, including Plaintiffs, of the dangers associated with Zyprexa, and by negligently and/or wantonly failing to adequately warn of the dangers of the use of Zyprexa Defendant breached its duty.

81.     Although Defendant knew, or was reckless in not knowing, of the defective nature of Zyprexa, it continued to design, manufacture, market, and sell Zyprexa without providing adequate warnings and instructions concerning the use of Zyprexa so as to maximize sales and profits at the expense of the public health and safety, in knowing, conscious, and deliberate disregard of the foreseeable harm caused by Zyprexa.

82.     As a direct and proximate result of Defendant's failure to adequately warn or other acts and omissions of Defendant described herein, Plaintiffs developed diabetes and were caused to suffer severe and permanent injuries, pain, and mental anguish, including diminished enjoyment of life, and fear of developing other harmful conditions including, but not limited to, pancreatitis, diabetic ketoacidosis, and diabetic coma.

83.     In addition, Defendant's conduct in the packaging, warning, marketing, advertising, promotion, distribution, and sale of Zyprexa was committed with knowing, conscious, willful, wanton, and deliberate disregard for the value of human life, and the rights and safety of consumers such as Plaintiffs, thereby entitling Plaintiffs to punitive damages so as to punish Defendant and deter it from similar conduct in the future.

84. By reason of the foregoing, Plaintiffs, demand judgment for damages against the Defendant including compensatory damages, punitive damages, costs of this action, and further, demands trial by jury of all issues so triable, and for such other and further relief as this Court deems just and proper.

## COUNT IV
### (Breach of Express Warranty)

85. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

86. Defendant expressly represented to Plaintiffs, other consumers, and the medical community that Zyprexa was safe and fit for use for its intended purposes; that it was of merchantable quality; that it did not produce any dangerous side effects; and that it was adequately tested.

87. Zyprexa does not conform to Defendant's express representations because it is not safe, has numerous serious side effects, and causes severe and permanent injuries.

88. Zyprexa does not, and at all relevant times, has not performed as safely as an ordinary consumer would expect when used as intended or in a reasonably foreseeable manner.

89. Plaintiffs, other consumers, and the medical community relied upon the express warranties of the Defendant.

90. As a direct and proximate result of the breach of said warranties, Plaintiffs developed diabetes and were caused to suffer severe and permanent injuries, pain, and mental anguish, including diminished enjoyment of life, and fear of developing

other harmful conditions including, but not limited to, pancreatitis, diabetic ketoacidosis, and diabetic coma.

91.    In addition, Defendant's conduct in the marketing, advertising, promotion, distribution, and sale of Zyprexa was committed with knowing, conscious, willful, wanton, and deliberate disregard for the value of human life, and the rights and safety of consumers such as Plaintiffs, thereby entitling Plaintiffs to punitive damages so as to punish Defendant and deter it from similar conduct in the future.

92.    By reason of the foregoing, Plaintiffs, demand judgment for damages against the Defendant including compensatory damages, punitive damages, costs of this action, and further, demands trial by jury of all issues so triable, and for such other and further relief as this Court deems just and proper.

## COUNT V
### (Breach of Implied Warranty)

93.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

94.    Defendant manufactured, distributed, advertised, promoted and sold Zyprexa.

95.    At all relevant times, Defendant knew of the use for which Zyprexa was intended and impliedly warranted the product to be of merchantable quality, and safe and fit for such use.

96.    Defendant was aware that consumers, including Plaintiffs, would use Zyprexa for treatment of their schizophrenia, bipolar disorder, or other "off-label" uses, and knew, or recklessly disregarded, that consumers, including Plaintiffs, and the

16

medical and psychiatric communities relied upon its judgment and sensibility to only sell Zyprexa if it was of merchantable quality and safe and fit for its intended use.

97.    Defendant herein breached its implied warranty to consumers, including Plaintiffs; Zyprexa was not of merchantable quality or safe and fit for its intended use.

98.    Consumers, including Plaintiffs, and the medical and psychiatric communities reasonably relied upon Defendant's implied warranty for Zyprexa.

99.    Zyprexa reached consumers without substantial change in the condition in which it was manufactured and sold by Defendant.

100.    As a direct and proximate result of the breach of said implied warranties, Plaintiffs developed diabetes and/or pancreatitis and were caused to suffer severe and permanent injuries, pain, and mental anguish, including diminished enjoyment of life, and fear of developing other harmful conditions including, but not limited to, pancreatitis, diabetic ketoacidosis, and diabetic coma.

101.    In addition, Defendant's conduct in the marketing, advertising, promotion, distribution, and sale of Zyprexa was committed with knowing, conscious, willful, wanton, and deliberate disregard for the value of human life, and the rights and safety of consumers such as Plaintiffs, thereby entitling Plaintiffs to punitive damages so as to punish Defendant and deter it from similar conduct in the future.

102.    By reason of the foregoing, Plaintiffs, demands judgment for damages against the Defendant including compensatory damages, punitive damages, costs of this action, and further, demands trial by jury of all issues so triable, and for such other and further relief as this Court deems just and proper.

## COUNT VI
### (Fraudulent Misrepresentation)

103.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

104.    Defendant falsely and fraudulently represented to the medical and psychiatric community, and to the Plaintiffs and the public in general, that Zyprexa had been tested and found to be safe and effective for the treatment of schizophrenia and bipolar disorder.

105.    Defendant knew, or should have known, that its representations were false yet it willfully, wantonly and recklessly disregarded its obligation to provide truthful representations regarding the safety and risks of Zyprexa to consumers, including Plaintiffs, and the medical and psychiatric communities.

106.    Defendant's representations were made with the intent of defrauding and deceiving Plaintiffs, other consumers, generally, and the medical and psychiatric communities, particularly, with the intent of encouraging and inducing sales of Zyprexa.

107.    Defendant knowingly, consciously, and deliberately placed its financial gain above the rights and safety Plaintiffs and other consumers.

108.    Defendant's fraudulent representations evinced its callous, reckless, willful, and depraved indifference to the health, safety, and welfare of consumers, including Plaintiffs.

109.    Plaintiffs and Plaintiffs' treating physician(s) relied on Defendant's misrepresentations concerning the safety of Zyprexa and, as a result, Plaintiffs' treating physician(s) prescribed Zyprexa and Plaintiffs ingested Zyprexa.

110.    Plaintiffs were unaware of the falsity of Defendant's representations and reasonably reasonably relied upon Defendant's representations regarding Zyprexa, thereby developing diabetes and enhanced risk of developing additional severe and permanent injuries in the future.

111.    As a direct and proximate result of Defendant's fraudulent misrepresentations, Plaintiffs developed diabetes and/or pancreatitis and were caused to suffer severe and permanent injuries, pain, and mental anguish, including diminished enjoyment of life, and fear of developing other harmful conditions including, but not limited to, pancreatitis, diabetic ketoacidosis, and diabetic coma.

112.    In addition, Defendant's conduct in the marketing, advertising, promotion, distribution, and sale of Zyprexa was committed with knowing, conscious, willful, wanton, and deliberate disregard for the value of human life, and the rights and safety of consumers such as Plaintiffs, thereby entitling Plaintiffs to punitive damages so as to punish Defendant and deter it from similar conduct in the future.

113.    By reason of the foregoing, Plaintiffs, demands judgment for damages against the Defendant including compensatory damages, punitive damages, costs of this action, and further, demands trial by jury of all issues so triable, and for such other and further relief as this Court deems just and proper.

## COUNT VII
### (Fraud)

114.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

115. At all relevant times, Defendant concealed or omitted material information regarding the safety of Zyprexa from consumers, including Plaintiffs, and the medical and psychiatric communities.

116. Defendant knew, or was reckless in not knowing, that Zyprexa posed significant risks of causing severe and permanent injuries, and elected not to advise the medical and psychiatric communities, Plaintiffs, or other consumers of Zyprexa's risks, and consequently placed its profits above the safety of Plaintiffs and other consumers.

117. In its representations, Defendant fraudulently concealed and intentionally omitted material information about Zyprexa's dangers from consumers, including Plaintiffs.

118. Defendant knew, or was reckless in not knowing, that Zyprexa causes dangerous elevation of blood sugar levels, acute pancreas injuries, and other severe and permanent injuries.

119. Defendant had sole access to material facts concerning the dangers and unreasonable risks of Zyprexa.

120. Defendant willfully concealed material information regarding the dangers of Zyprexa to induce consumers, including Plaintiffs, to use Zyprexa. Defendant's concealment of the defective nature of Zyprexa and its dangerous risks Plaintiffs to suffer damages.

121. Defendant was under a duty to disclose to Plaintiffs, other consumers, and the medical and psychiatric communities the defective nature of Zyprexa, and the risks and dangers associated with its use.

122. As a direct and proximate result of Defendant's fraudulent concealment, Plaintiffs developed diabetes and/or prancreatitis and were caused to suffer severe and permanent injuries, pain, and mental anguish, including diminished enjoyment of life, and fear of developing other harmful conditions including, but not limited to, pancreatitis, diabetic ketoacidosis, and diabetic coma.

123. In addition, Defendant's conduct in the marketing, advertising, promotion, distribution, and sale of Zyprexa was committed with knowing, conscious, willful, wanton, and deliberate disregard for the value of human life, and the rights and safety of consumers such as Plaintiffs, thereby entitling Plaintiffs to punitive damages so as to punish Defendant and deter it from similar conduct in the future.

124. By reason of the foregoing, Plaintiffs, demand judgment for damages against the Defendant including compensatory damages, punitive damages, costs of this action, and further, demands trial by jury of all issues so triable, and for such other and further relief as this Court deems just and proper.

## COUNT VIII
### (Negligent Misrepresentation)

125. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

126. Defendant, in addition to knowing misrepresentations, made misrepresentations without any reasonable grounds for believing its statements to be true to Plaintiffs, other patients, and the medical and psychiatric communities.

127. Defendant, through its misrepresentations, intended to induce justifiable reliance by Plaintiffs, other patients, and the medical and psychiatric communities.

128.    Defendant, through its marketing campaign and communications with treating physicians or psychiatrists, was in a relationship so close to that of Plaintiffs and other patients that it approaches and resembles privity.

129.    Defendant owes a duty to the medical and psychiatric communities, Plaintiffs, and other consumers, to conduct appropriate and adequate studies and tests for all its products, including Zyprexa, and to provide appropriate and adequate information and warnings.

130.    Defendant failed to conduct appropriate or adequate studies for Zyprexa.

131.    Defendant failed to exercise reasonable care by failing to conduct studies and tests of Zyprexa.

132.    As a direct and proximate result of Defendant's negligent misrepresentations, Plaintiffs developed diabetes and/or pancreatitis and were caused to suffer severe and permanent injuries, pain, and mental anguish, including diminished enjoyment of life, and fear of developing other harmful conditions including, but not limited to, pancreatitis, diabetic ketoacidosis, and diabetic coma.

133.    By reason of the foregoing, Plaintiffs, demand judgment for damages against the Defendant including compensatory damages, costs of this action, and further, demands trial by jury of all issues so triable, and for such other and further relief as this Court deems just and proper.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment against Defendant as follows:

(a) compensatory damages on each cause of action;

(b) punitive damages on counts  II, III, IV, V, VI, VII, and IX;

(c) awarding reasonable attorneys' fees, expert fees, and costs; and

(d) granting such additional and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand trial by jury in this action of all issues so triable.

WHEREFORE, Plaintiffs pray that, upon final trial, judgment be entered against one or more Defendants, jointly and severally, for their actual and exemplary damages alleged, prejudgment and post-judgment interest at the highest legal rate, costs of court and for such further relief to which Plaintiffs may justly be entitled.

Respectfully submitted,

_____

JOE POIROT
State Bar No. 16087800
FERRER, POIROT & WANSBROUGH
2603 Oak Lawn Ave., Suite 300
Dallas, TX 75219
(214) 521-4412 Telephone
(214) 522-3804 Fax
Attorneys for Plaintiffs

23

JS 44 (Rev. 1/04)                **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| See attached list. | Eli Lilly and Company |

**(b)** County of Residence of First Listed Plaintiff ___ New York ___
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant ___
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

RECEIVED FEB 27 2006

CLERK U.S. DISTRICT COURT NORTHERN DISTRICT OF TEXAS

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Joe Poirot, FERRER, POIROT & WANSBROUGH, 2603 Oak Lawn Ave., Ste. 300, Dallas, TX 75219; 214-521-4412

Attorneys (If Known)

**3-06 CV-0367 N**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☒ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other / ☐ 550 Civil Rights / ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause: Personal injury caused by ingestion of Zyprexa.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE ___ DOCKET NUMBER ___

DATE 02-27-06

SIGNATURE OF ATTORNEY OF RECORD *Joe Poirot*

**FOR OFFICE USE ONLY**

RECEIPT # ___ AMOUNT ___ APPLYING IFP ___ JUDGE ___ MAG. JUDGE ___

# CIVIL COVER SHEET ATTACHMENT

# I. (a) Plaintiffs:

CARMELITA CLINTON
CYNTHIA M. HUNT
MARY BENNETT
VANESSA B. CLARK
WYVONIE  R. CATHEY
JANEICE CORBIN
SONJA S. NEVINS
DAMIAN J. OTIS
HARLIS TAYLOR
RICHARD WATSON
FRANK SMITH
ROY L. MADDOX
RICHARD E. RITTER